**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOHN DAVID FERRARA, | § | |
| *Plaintiff* | § | |
| | § | |
| -vs- | § | SA-23-CV-01406-XR |
| | § | |
| TRAVIS COUNTY ATTORNEY'S | § | |
| OFFICE, BRENT RYAN; AFTON | § | |
| WASHBOURNE; ZACKARY BIDNER; | § | |
| *Defendants* | § | |

## <u>ORDER</u>

On this date, the Court considered Defendants' motion to transfer this action to the Austin Division of the Western District of Texas (ECF No. 4), Plaintiff's response in opposition (ECF No. 6), and Defendants' reply (ECF No. 9). After careful consideration, the Court issues the following order.

## BACKGROUND

*Pro se* Plaintiff John Ferrara initiated this action under 42 U.S.C. § 1983 by filing his original complaint in the San Antonio division of the Western District of Texas on November 3, 2023. *See* ECF No. 1. Plaintiff seeks to recover for alleged violations of his First and Fourth Amendment rights by the Travis County Attorney's Office ("TCAO") and three of its employees: an investigator, Brent Ryan, and two prosecutors, Afton Washbourne and Zachary Bidner.

Plaintiff's claims arise out of an alleged conspiracy among various municipalities and District Attorney's offices to initiate legal proceedings against Plaintiff in retaliation for refusing to "take down" a blog criticizing the City of Kyle and it is Police Chief, Jeffery Blake Barnett. An order from the Texas Court of Appeals in Austin provides a helpful summary of the relevant legal proceedings:

On April 23, 2020, a Hays County magistrate issued a warrant commanding Ferrara's arrest for the felony offense of stalking [City of Kyle's Chief of Police, Jeffery Blake Barnett]. Ferrara was arrested and booked on May 27, 2020, in Bexar County. SEE TEX. CODE CRIM. PROC. art. 15.06 (providing that arrest warrant extends to any part of Texas and may be executed in any Texas county).

Ferrara filed [a] habeas application on April 14, 2021[.] During the June 9, 2021 hearing on his application, . . . Ferrara stated that he had initially been on bail bonds for "a felony, and then it was dropped down to a misdemeanor—if they do file." The State did not dispute Ferrara's assertion that only misdemeanor charges were being considered against him but noted that, under the applicable two-year statute of limitations, the State still had time remaining to file such lesser charges, which it later did. *See* TEX. CODE CRIM. PROC. art. 12.02 (requiring filing of misdemeanor charges within two years from date of commission of offense). . . . .

[O]n July 14, 2021, a summons issued in [a new criminal action against Ferrara] instructing him to appear and answer for the misdemeanor offense of harassment. . . . Ferrara was not re-arrested for the harassment charge[.] The harassment charge against Ferrara was later dismissed on the State's motion, as shown by the district court's January 28, 2022 order. . . . .

The two-year limitations period [for filing any misdemeanor stalking charges] expired on April 15, 2022[.]

*Ex parte Ferrara*, No. 03-21-00278-CR, 2022 WL 1547773, at *1 (Tex. App.—Austin May 17, 2022, no pet.).

According to Plaintiff, the Hays County Attorney's Office recused itself at some point from "***any*** potential cases regarding [the Plaintiff] ***and/or*** Kyle Police Department's investigation Cause Number 2018-32792 ***and/or*** Hays County Warrant No. F20-133JP2." ECF No. 12 at 5. The TCAO was then appointed as the Criminal District Attorney Pro Tem. *Id.* Based on the Court's understanding of his Amended Complaint, Plaintiff alleges that, rather than conducting an independent investigation, the TCAO engaged in a policy of "rubber stamping" the charges against him, thereby facilitating Hays County's malicious prosecutions. *Id.* ¶¶ 11, 12, 93.

Plaintiff has filed a number of other actions involving similar or related allegations in the San Antonio Division. *See Ferrara v. City of Kyle*, No. SA-22-cv-741-FB, 2022 WL 10757425, at *1 (W.D. Tex. Oct. 18, 2022) (summarizing Plaintiff's previous actions and recommending that plaintiff's complaint be dismissed as barred by res judicata) (citing *Ferrara v. Wallace et al.*, No. 5:20-cv-1128-FB, *Ferrara v. Barnett et al.*, No. 5:21-cv-237-JKP, *Ferrara v. Wallace et al.*, No. 5:21-cv-251-FB)), *report and recommendation adopted*, No. SA-22-cv-741-FB, ECF No. 24 (W.D. Tex. Dec. 31, 2022). He recently filed a new action in this Division, alleging additional claims against officers in the Kyle Police Department, which has been referred to Magistrate Judge Richard B. Farrer for all pretrial matters. *See Ferrara v. Swonke et al.*, No. 5:24-cv-77-FB, ECF Nos. 1, 5 (W.D. Tex.) (the "*Swonke* Action").

Defendants now seek to transfer this action to the Austin division of the Western District of Texas on the basis that, *inter alia*, all of the events or omissions giving rise to Plaintiff's claims took place in Hays County and Travis County, both of which are located in the Austin division of the Western District of Texas. ECF No. 4. Plaintiff opposes transfer, asserting that much of the relevant conduct occurred in San Antonio. *See* ECF No. 6 at 1–2. He further asserts that this case is unlikely to require extensive discovery and can be resolved more efficiently in the San Antonio division, where all of his other previous actions have been litigated. *See id.* at 3–5.

## DISCUSSION

### I.    Legal Standard

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." After determining that the suit could have been filed in the

destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors include "(1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws." *Id.* However, none of these factors are given dispositive weight. *Id.* The Fifth Circuit has held that these same "factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal citation omitted).

The burden of showing "good cause" rests with the defendant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008). However, the burden is easier to satisfy than that for forum non conveniens, and a district court has broader discretion in ordering transfer under § 1404(a). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). This is because, unlike forum non conveniens, a change of venue maintains the same federal forum, so a defendant's burden of showing "good cause" is already enough to protect the plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314–15. Moreover, a plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Id.* at 314 n.10, 315 ("[W]hile a plaintiff has the

4

privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege.").

## II.    Analysis

The parties agree that venue is proper in the Western District of Texas under § 1404, but dispute whether the San Antonio or Austin is a more convenient venue for this case under the private and public interest factors.

### A.  Private Interest Factors

First, the relative ease of access to sources of proof weighs very slightly in favor of transfer. Defendants assert that (1) all Defendants in this case reside in Travis County or other counties in the Austin division and (2) all of the events or omissions giving rise to Plaintiff's claims took place in Hays County and Travis County, both of which are located in the Austin division. ECF No. 4 at 2. Although the inconvenience of transporting documents from Travis or Hays County to San Antonio may be slight, the "convenience" analysis as clarified in Volkswagen II illustrates that the analysis turns on relative ease, not absolute ease. *Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Still, the Court agrees with Plaintiff's assessment that this action is likely to be resolved without the need for much, if any, discovery. *See* ECF No. 6 at 4.

Second, since Austin and Hays County are within the subpoena range of San Antonio, compulsory process to secure the attendance of witnesses is neutral.

Third, the facts that all witnesses in this case (other than Plaintiff) reside in the Austin division weighs very slightly in favor of transfer. Certainly, parties and witnesses (if any are later identified) who reside in Travis County would find it more convenient to testify at trial in the

5

Austin division. Although Hays County sits within the Austin division, it is geographically located between Austin and San Antonio. However, here again, the Court agrees with Plaintiff's assessment that this case is likely to be resolved on dispositive motions.

The other practical problems that make trial of a case easy, expeditious, and inexpensive weigh in favor of retaining the case in the San Antonio division. As Plaintiff points out, all of his previous actions involving the alleged conduct by officials in Hays and Travis Counties were litigated in the San Antonio division. *See* ECF No. 6 at 4–5. Thus, he argues, "[t]his case would be expedited if it remained in the San Antonio division based upon the Plaintiffs [sic] prior filing history and the judges [sic] knowledge. If anything, it should be transferred to one of the two judges which already rendered opinions on connective lawsuits, not moved to Austin." *Id.*; *see also Ferrara v. Swonke et al.*, No. 5:24-cv-77-FB, ECF No. 1 (W.D. Tex. Jan. 19, 2024) (action recently filed by Plaintiff in the San Antonio division, asserting claims against City of Kyle police officers arising out of his 2020 arrest for felony stalking and ensuing legal battles).

### B.  Public Interest Factors

With respect to the administrative difficulties of transferring the case to Austin, Defendants assert that "[t]here is no evidence that the case would languish or be adversely impacted administratively if it were transferred to the Austin Division." ECF No. 4 at 5. The Court observes, however, that despite its heavy caseload, the Austin division has only one sitting district judge at this time. This factor weighs against transfer.

Next, the parties' dispute the divisions' relative local interests in adjudicating local disputes and the fairness of burdening citizens of the San Antonio division with jury service in this matter. Defendants assert that, while "officials in Travis County and Hays County have a strong interest in the outcome in the issues raised in this litigation[,] . . . the citizens of San Antonio and Bexar

County . . . have no connection to the litigation." ECF No. 4 at 5. Plaintiff objects that "[t]he citizens of Bexar County have just as much interest as does any citizen in Hays or Travis Counties. This case is a civil rights case where the Plaintiff is asserting his rights were violated in Bexar County through use of Hays and Travis Counties." ECF No. 6 at 5. Plaintiff was arrested in Bexar County based on allegedly unconstitutional policies and conduct originating in counties within the Austin Division. Given Texas's policy that arrest warrants "shall extend to any part of the State" and may be executed "in any county in this State," the Court cannot say that the citizens of the San Antonio division have "no connection" to the challenged conduct by officials in Hays and Travis counties, especially under the facts of this case. SEE TEX. CODE CRIM. PROC. art. 15.06.

There is no potential for conflict of laws between the two divisions, so the fourth public interest factor is neutral.

Although Plaintiff's choice of forum is not entitled to greater weight than other factors, the convenience and public interest factors here nonetheless weigh against transfer. *Barton v. Young*, 144 F. Supp. 2d 685, 687–88 (E.D. Tex. 2001). Accordingly, this case will remain in the San Antonio division.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer this action to the Austin Division of the Western District of Texas (ECF No. 4) is **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Order to John David Ferrara at 10800 SH 151, #1036, San Antonio, TX 78251.

It is **SO ORDERED**.

**SIGNED** this 14th day of February, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE